**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4072**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LONNIE ADDISON,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00175-NCT-1)

———————————

Submitted:  July 19, 2013        Decided:  July 25, 2013

———————————

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, L.L.P., Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Addison appeals his conviction and 262-month sentence imposed following his guilty plea to conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, Addison's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred by denying his request for a downward departure. Addison filed a pro se supplemental brief, challenging the assessment of a criminal history point and questioning whether the district court complied with Rule 11 of the Federal Rules of Criminal Procedure during the plea hearing. Finding no error, we affirm.

Beginning our analysis with Addison's pro se challenge to the Rule 11 hearing, our review of the transcript reveals that the district court substantially complied with Rule 11 in conducting the plea colloquy and committed no error warranting correction on plain error review. United States v. Martinez, 277 F.3d 517, 526 (4th Cir. 2002) (holding that, in the absence of motion to withdraw guilty plea, review is for plain error); United States v. Olano, 507 U.S 725, 732 (1991) (detailing plain error standard). Thus, the district court did not err in finding Addison's guilty plea knowing and voluntary.

Turning to the sentencing challenges, we review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the selected sentence. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

In his pro se supplemental brief, Addison challenges the assessment of a criminal history point based on a misdemeanor possession of marijuana conviction for which his only penalty was a fine. The point did not affect Addison's criminal history category, which was determined by his status as a career offender. In any event, the assessment of a criminal history point was appropriate for the fine. See U.S. Sentencing Guidelines Manual §§ 4A1.1(c) & cmt. background (2011).

3

Counsel questions the district court's denial of Addison's request for a downward departure. It is clear, however, that the district court understood its power to depart downward but made a reasoned decision not to do so. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008) ("We lack the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so"). Our thorough review of the record leads us to conclude that Addison's sentence is procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Addison, in writing, of his right to petition the Supreme Court of the United States for further review. If Addison requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Addison. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4